815 F.2d 706
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerome SUEING, Plaintiff-Appellant,
v.
Lloyd MAY, Defendant-Appellee.
 No. 86-1602.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1987.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the appellant's brief and the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, currently a prisoner at the Kinross Correctional Facility, Kincheloe, Michigan, filed this civil rights action against the warden of the Phoenix Correctional Facility for a violation of his due process rights. He alleged in this complaint that certain items of his personal property were "lost" while in the possession of the officers of the Michigan Department of Corrections who were transporting plaintiff from the Kent County Jail to the Phoenix Correctional Facility. The district court sua sponte dismissed the complaint as frivolous prior to service on the defendant, pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 3
 We conclude that the district court was correct in its Section 1915(d) dismissal of plaintiff's action for failure to state a claim for relief. Plaintiff claims that certain state officials were negligent in losing various items of his personal property. Presuming plaintiff could amend his complaint and serve the proper parties, we find that plaintiff's complaint is so groundless that there are no facts that could reasonably support his claim. A lack of due care does not invoke the protections of the due process clause. Daniels v. Williams, U.S. , 106 S.Ct. 662, 663 (1986); Davidson v. Cannon, U.S. , 106 S.Ct. 668, 670 (1986). Thus, we need not address the adequacy of state remedies.
 
 
 4
 For these reasons and because the questions on which this case depends are so unsubstantial as not to require further argument, we affirm. Rule 9(b)(5), Rules of the Sixth Circuit.